UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEIGHANN BRITNER<br><br>               PLAINTIFF,<br><br>V.<br><br>MOUNT AUBURN HOSPITAL,<br>ROCKLAND TRUST BANK, INC.,<br>DIVISION OF HEALTH & HUMAN<br>SERVICES/MEDICAID, MELISSA<br>SHAUGHNESSY-MASSEY, MICHAEL<br>ANZALDI, JAMIL J. CAMPBELL<br><br>               DEFENDANTS. | C.A. No. 1:24-cv-10079-JEK |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ROCKLAND TRUST COMPANY'S RULE 12(B)(6) MOTION TO DISMISS**

      Defendant Rockland Trust Company ("Rockland Trust"), misnamed in the Complaint and docket as "Rockland Trust Bank, Inc."[1], submits this memorandum of law in support of its motion to dismiss the Complaint filed *pro se* by Plaintiff LeighAnn Britner ("Plaintiff"). Plaintiff's Complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) against Rockland Trust. To the extent Plaintiff's Complaint is construed to allege a violation of the Gramm-Leach-Bliley Act, Bank Secrecy Act, Anti-Money Laundering Act, or the criminal money laundering statute it must be dismissed for lack of a private right of action. Plaintiff's claims sounding in tort and under Article 4 of the UCC are time-bared and must be dismissed. Further, the conclusory allegations of the Complaint fail to state a plausible claim for relief under any theory.

---

[1] Rockland Trust is a Commonwealth of Massachusetts Trust Company chartered under M.G.L. Chapter 172. It is a wholly-owned bank subsidiary of Independent Bank Corp. (Nasdaq: INDB).

## ALLEGATIONS OF THE COMPLAINT[2]

Plaintiff purports to state medical malpractice claims against Mount Auburn Hospital and the individual defendants. With respect to Rockland Trust, the Complaint alleges Plaintiff feels she is "due compensation from Rockland Trust … due to I am due a check in the amount of 350,000.00 that Judith Gallagher left to me from a life insurance policy that was deposited and transferred to another person account, from People's Federal Bank that was bought by Rockland Trust …." D.E. 1-1, p. 1. She further alleges "Rockland [T]rust … also ran a scam from the surgical procedure. The funds that were used to run the scam were a safety deposit box that James Bulger left in an inheritance in the amount of $5,000,000.00." *Id.*

Plaintiff further claims she is due compensation stemming from radio microchips and wired connections allegedly implanted in her body, which communicate with Rockland Trust servers and ATMs. Specifically, she alleges she is entitled to damages "from Rockland Trust … due to a stolen connection from 2015 and on 7/9/2019 connected the Micro Radio chip to the Rockland Trust … Allston Branch to the Live Connection for the ATM system and Bank Burglary alarm." D.E. 1-1, p. 1. Along these same lines, Plaintiff alleges she "was also connected from Rockland Trust ... in Allston MA to the Boston Police Internal Server and two Boston Police detectives dispatch record." *Id.* Further, Plaintiff alleges she has suffered "permanent occipital nerve damage to both r & l ears from the ATM line being cleared September, 2019." *Id.* Finally, she claims that "the surgical machine that was used for my surgical procedure was taken out of the hospital by Melissa Shaughnessy-Massey and hardwired to Rockland Trust …. They exposed my name, address, and social security number." *Id.*

---

[2] Rockland Trust sets forth the facts as alleged in the Complaint. In doing so, Rockland Trust does not concede any allegation against it, and reserves the right to contest any and all of the Complaint's allegations in any further motion, proceeding, or at trial.

Plaintiff further states she "was awarded a settlement In the amount of $850,000.00 and I have never received a settlement from the Insurance company." Along these same lines, Plaintiff alleges she "was awarded another amount In Brighton District Court and Rockland Trust Banks attorney's In the amount of $18,000,000.00 and I have never received a settlement."[3]

## LEGAL STANDARD

For a Complaint to survive a Rule 12(b)(6) motion to dismiss, "[t]he make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." *Borrás-Borrero v. Corporación del Fondo del Seguro del Esado*, 958 F.3d 26, 32 (1st Cir. 2020) (quoting *Sepulveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009)). "The familiar *Twombly* standard clarifies that under Fed. R. Civ. P. 12(b)(6), a complaint must allege a "plausible entitlement to relief." *Id*. (quoting *33 Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559 (2007)). "In evaluating whether a plaintiff has met this burden, [the court is to] "'accept[] the complaint's well-pleaded facts as true and indulg[e] all reasonable inferences in the plaintiff's favor.'" *Id*. at 33 (quoting *Cook v. Gates*, 528 F.3d 42, 48 (1st Cir. 2008) (second and third alterations the Court's)). "Even so, the tenet that a court must accept as true all of the allegations contained in a complaint is 'inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id*. (quoting *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "In other words, '[i]f the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal.'" *Id*. (quoting *Artuso v. Vertex Pharm.,*

---

[3] An on-line search using Plaintiff's name in the Boston Municipal Court, Brighton Division docket system does not return any civil actions, only a criminal action. A true and correct copy of the docket search is attached hereto as **Exhibit A**.

3

*Inc.*, 637 F.3d 1, 5 (1st Cir. 2011) (quoting *Secs. and Exch. Comm'n v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *Tambone*, 597 F.3d at 442. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *Germanowski v. Harris*, 854 F.3d 68, 71 (1st Cir. 2017) (holding that a complaint does not clear the Rule 12(b)(6) hurdle unless "the facts alleged, which we take as true, and the inferences they support, which we draw in the plaintiff's favor, 'plausibly narrate a claim for relief.'") (quoting *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012)).

"On a motion to dismiss, the court may properly take into account four types of documents outside the complaint without converting the motion into one for summary judgment: (1) documents of undisputed authenticity; (2) documents that are official public records; (3) documents that are central to plaintiff's claim; and (4) documents that are sufficiently referred to in the complaint." *Rice v. Santander Bank, N.A.*, 196 F. Supp. 3d 146, 149 n. 3 (D. Mass. 2016) (citing *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)) (treating two quitclaim deeds, among other documents, as public records appropriately considered on a Rule 12(b)(6) motion).

## **ARGUMENT**

As a threshold matter, the Complaint names six defendants and seeks damages from Rockland Trust but identifies no affirmative actions undertaken by Rockland Trust. Rather, the

4

Complaint contains generalized allegations such as "[t]hey exposed my name, address, and social security number." D.E. 1-1, p. 1. While a Complaint need not "provide an exhaustive factual account", its "allegations must be sufficient to identify the manner by which the defendant subjected the plaintiff to harm . . . ." *Turner v. Melia*, 2021 WL 11715616, at *2 (D. Mass. Jan. 13, 2021) (citing *Iqbal*, 556 U.S. at 678). "[B]y pleading his complaint in the manner he has—collectively asserting claims against the defendants–[Plaintiff] has failed to set forth the 'who, what, when, where, or why' type of information necessary to set forth any cognizable claims against any defendant upon which relief may be granted." *Id.* at *3. Accordingly, the entire Complaint is subject to dismissal. *See id.* (dismissing complaint that "lists many defendants, but none of the factual allegations in the complaint are directed against any specific defendant").

However, because Plaintiff seeks damages from Rockland Trust, it can be presumed that claims which do not sound in medical malpractice are directed at Rockland Trust. Rockland Trust therefore addresses the deficiencies of the claims in detail below.

I. **THE COMPLAINT FAILS TO CONFORM WITH RULE 8'S PLEADING REQUIREMENTS**

Fed. R. Civ. P. 8(a), "Claim for Relief", governs the pleading standards for claims brought in the federal court system. "Under Rule 8(a), . . . a complaint must contain three essential elements: (1) a short and plain statement of the legal basis for federal court jurisdiction; (2) a short and plain statement of plaintiff's claim(s); and (3) a demand for judgment, *i.e.*, the damages or other relief sought by plaintiff." *Murphy v. Baker*, No. CV 15-30187-MGM, 2016 WL 5110268, at *2 (D. Mass. Aug. 11, 2016) (quoting *Rourke v. Rhode Island*, 2007 WL 1875795, at *2 (D.R.I. June 27, 2007)), *report and recommendation adopted*, No. CV 15-30187-MGM, 2016 WL 5110476 (D. Mass. Sept. 20, 2016).

Moreover, although pleadings filed by *pro se* litigants like Plaintiff are viewed with more leniency by the Court, a *pro se* litigant must nevertheless comply with the federal rules and is "'required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Tierney v. Town of Framingham*, 292 F. Supp. 3d 534, 541 (D. Mass. 2018) (quoting *Wright v. Town of Southbridge*, 2009 WL 415506, at *2 (D. Mass. Jan. 15, 2009)). "District courts have the power to dismiss a complaint that does not comply with Rule 8(a)(2)'s 'short and plain statement' requirement." *Padmanabhan v. Hulka*, 308 F. Supp. 3d 484, 496 (D. Mass. 2018) (quoting *Vakalis v. Shawmut Corp.*, 925 F.2d 34, 36 (1st Cir. 1991)), *aff'd*, No. 18-1301, 2019 WL 10378226 (1st Cir. July 10, 2019) (dismissing pro se plaintiff's complaint under Rule 8(a)(2)).

Here, Plaintiff has not identified any specific causes of action, let alone material elements necessary to recover under any viable legal theory against Rockland Trust. Without these basic elements, with facts to support them, Plaintiff's Complaint must be dismissed as to Rockland Trust.

## II. PLAINTIFF'S FEDERAL CLAIMS DO NOT HAVE A PRIVATE RIGHT OF ACTION

### a. The Gramm-Leach-Bliley Act

In the Complaint, Plaintiff alleges "[t]he surgical machine that was used for my surgical procedure was taken out of the hospital by Melissa Shaughnessy-Massey and hardwire to Rockland Trust. They exposed my name, address, and social security number." D.E. 1-1, 1. To the extent this statement is construed to allege that Rockland Trust exposed Plaintiff's nonpublic personal information ("NPPI") in violation of the Gramm-Leach-Bliley Act, it must fail.

It is well-settled that the Gramm-Leach-Bliley Act ("GLBA") "does not authorize a private right of action." *Scott v. Oklahoma Student Loan Auth.*, No. 23-CV-10841-PBS, 2024 WL 1509251, at *4 (D. Mass. Feb. 22, 2024) (quoting *Haberman v. MFS Inv. Mgmt.*, Civil Action No.

14-11861-PBS, 2015 WL 1309235, at *4 (D. Mass. Mar. 24, 2015)) (citing 15 U.S.C. §§ 6805, 6822); *see also Adams v. Gissell,* No. CV 20-11366-PBS, 2021 WL 2786277, at *6 (D. Mass. May 24, 2021) ("the GLBA does not create a private right of action"); *Maali v. Bank of Am.*, No. CV 06-11600-NG, 2007 WL 9707006, at *5 (D. Mass. Aug. 30, 2007), *report and recommendation adopted*, No. 1:06-CV-11600, 2007 WL 9709779 (D. Mass. Sept. 10, 2007) (same). The *Scott* court dismissed plaintiff's claim for disclosure of NPPI on the grounds that the GLBA does not have a private right of action. In reaching that holding, the *Scott* court noted that per the express terms of the statute, enforcement of the GLBA has been assigned to federal and state agencies. Without a private right of action, Plaintiff lacks standing to maintain a claim against Rockland Trust under the GLBA for disclosure of her NPPI, and her alleged claims for wrongful disclosure must be dismissed.

      b. **Money Laundering Statutes**

On May 6, 2024, Plaintiff filed a letter with this Court in which she expounded upon her claims and stated the "micro radio chip that is implanted in [her] ears [has] capabilities of running mind control and money laundering." D.E. 11. To the extent this letter is construed to be part of the Complaint, there is no private right of action for money laundering under the myriad of federal anti-money laundering statutes. *See Mansor v. JPMorgan Chase Bank, N.A.*, 183 F. Supp. 3d 250, 265 (D. Mass. 2016) ("there is no private right of action for a bank's failure to report suspicious activity under the federal anti-money laundering regulations"); *Venture Gen. Agency, LLC v. Wells Fargo Bank, N.A.*, No. 19-CV-02778-TSH, 2019 WL 3503109, at *7 (N.D. Cal. Aug. 1, 2019) ("courts are unanimous in holding that there is no private right of action under the BSA or Patriot Act"); *Dubai Islamic Bank v. Citibank, N.A.*, 126 F. Supp. 2d 659, 668 (S.D.N.Y. 2000) (criminal money laundering statue "18 U.S.C. § 1956 does not give rise to a private right of action"). To the

extent the Complaint is construed to allege a claim for money laundering, there is no private right of action and it must be dismissed as to Rockland Trust.

### III.  PLAINTIFF'S CLAIMS ARE TIME-BARRED

Even if Plaintiff could allege a direct claim against Rockland Trust, it would be untimely and subject to dismissal.

*a. Article 4 of the UCC is governed by a one-year statute of limitations*

Plaintiff alleges she is "due compensation from Rockland Trust Bank" for "a check in the amount of $350,000.00 that Judith Gallagher left to me from a life insurance policy that was deposited to another person [sic] account, from People's Federal Bank that was bought by Rockland Trust ...."[4] D.E. 1-1, p. 1. In light of Plaintiff's claim that the check was issued by or deposited into an account at People's Federal Savings Bank, which Rockland Trust acquired in 2015, the latest date the check could have issued or been deposited was February 20, 2015, the date of the acquisition.

Article 4 of the Uniform Commercial Code, codified at M.G.L. c. 106 § 4-101 *et seq.* governs bank deposits and collections, including unauthorized or mis-deposited checks. Section 4-406 governs a customer's obligation to "discover[] and report unauthorized signature or alteration" of a negotiable instrument. Here, Plaintiff alleges a check was made out to her, but deposited into the account of another person. To the extent she is claiming the signature on the check was unauthorized, or that the check was altered or mis-deposited, her claims are barred by the one-year statute of limitations under § 4-406(f). "The One Year Rule of Article 4 requires that a customer report any unauthorized signatures or endorsements to her bank within one year of the

---

[4] On February 20, 2015, People's Federal Savings Bank, F.S.B. merged with and into Rockland Trust Company. *See* Secretary of the Commonwealth Business Entity Summary for Rockland Trust Company, copy attached hereto as **Exhibit B**.

unauthorized act in question*." Union St. Corridor-Cmty. Dev. Corp. v. Santander Bank, N.A.*, 191 F. Supp. 3d 147, 150 (D. Mass. 2016). The *Union St.* court held that "[t]he one-year period in [section (f)] is not a statute of limitations which might not start to run until the plaintiff knew or should have known of [his injury]" rather "[t]hese rules were developed to ensure 'finality in check fraud litigation.'" *Id.* (quoting *Arkwright Mut. Ins. Co. v. State Street Bank & Trust Co.*, 428 Mass. 600, 605 (1998)) (alteration in original). Any claim for the unauthorized signature on the check from Judith Gallagher, or a mis-deposit of the check into another person's account, accrued no later than 2016, and must be dismissed. In short, any such claim is long overdue.

  b.  *Money Laundering claims are time-barred*

Even if Plaintiff could assert a claim for money laundering, it also would be time-barred. Money laundering is governed by a five-year statute of limitations. *United States v. Upton*, 559 F.3d 3, 7 (1st Cir. 2009) ("[t]he general five-year statute of limitations, 18 U.S.C. § 3282, applies to prosecutions for violations of the money laundering and structuring statutes."); *United States v. Lowry*, 409 F. Supp. 2d 732, 741 (W.D. Va. 2006) (applying "catchall five-year limitation period of 18 U.S.C. § 3282" to charges brought under the Bank Secrecy Act). While not clear on the face of the Complaint, the only factual underpinnings for a money laundering claim is that the check on which Plaintiff was the listed payee was deposited into another person's account in 2015. As a result, any claim for money laundering is also time-barred as it expired in 2020, and must be dismissed.

  c.  *Plaintiff's tort claims are time-barred*

Each of Plaintiff's remaining claims for conversion and battery sounds in tort. Thus, they are subject to a three-year statute of limitations under Massachusetts law. M.G.L. c. 260, § 2A. Under M.G.L. c. 260, § 2A, "[e]xcept as otherwise provided, actions of tort, actions of contract to

9

recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues."

      i. Conversion

To the extent the Complaint is construed to contain a claim for conversion of $5,000,000, it is barred by the statute of limitations. "The statute of limitations for conversion claims is three years." *See In re Blast Fitness Group LLC*, 603 B.R. 219, 243 (Bankr. D. Mass. 2019) (citing to M.G.L. c. 260 sec. 2A). Here, Plaintiff claims "Rockland [T]rust … also ran a scam from the surgical procedure. The funds that were used to run the scam were a safety deposit box that James Bulger left in an inheritance in the amount of $5,000,000." D.E. 1-1, p. 1. According to the Complaint and documents attached to it, Plaintiff's surgery occurred on or about July 9-10, 2019. Under M.G.L. c. 260 § 2A, Plaintiff's claim for conversion must have been brought by July 10, 2022, seventeen months before Plaintiff filed the instant action. Accordingly, any claims against Rockland Trust related to the alleged conversion of $5,000,000 must be dismissed.

      ii. Battery

In seeking damages from Rockland Trust, Plaintiff alleges harm related to "a stolen connection from 2015 and on 7/9/2019 connected the Micro Radio chip to the Rockland Trust Bank, Inc. Allston Branch to the Live Connection for the ATM system and Bank Burglary alarm" along with "permanent occipital nerve damages to both r & l ears from the ATM line being cleared September, 2019."[5] D.E. 1-1, p. 1. Like conversion, "[t]he statute of limitations for assault and battery is also three years." *Flemon v. Massachusetts Atty. Gen.*, No. CIV.A. 13-11518-RWZ, 2013

---

[5] In her claim for relief, "[P]laintiff also seeks punitive damages to the occipital nerves in bother [sic] of the right and left ears due to a micro radio chip that was embedded in her ers on 7/10/2019 at Mount Auburn Hospital with a connection to Rockland Trust … internal server." D.E. 1, p. 4.

10

WL 3732880, at *4 (D. Mass. July 12, 2013); *see also Silveus v. City of Brockton*, No. 22-CV-11069-PGL, 2022 WL 21769754, at *4 (D. Mass. Sept. 13, 2022) (allegations of assault and battery "fail to state claims on which relief may be granted because the three-year statute of limitations for . . . assault, and battery in Massachusetts has long passed."). At the latest, Plaintiff's claims for battery accrued in 2022, three years after the ATM lines were "cleared" in September of 2019, and more than a year before the instant action was filed. As such, Plaintiff's battery claims are barred by the applicable statute of limitations.

## CONCLUSION

For the above reasons, Rockland Trust respectfully requests that its motion be granted and that this Court enter an order dismissing the Complaint in its entirety as to Rockland Trust. Rockland Trust requests that the dismissal be with prejudice because the defects in Plaintiff's claims cannot be cured by amendment.

Dated: June 20, 2024

    Respectfully submitted,

    DEFENDANT,

    Rockland Trust Company

    By its attorneys,

    /s/ *Anne V. Dunne*
    Anne V. Dunne (BBO # 681893)
    Michael E. Jusczyk (BBO # 669893)
    GREENBERG TAURIG, LLP
    One International Place, Suite 2000
    Boston, MA 02110
    Telephone: (617) 310-6000
    Facsimile: (617) 310-6001
    Email:    anne.dunne@gtlaw.com
                   michael.jusczyk@gtlaw.com

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)**

In accordance with Local Rule 7.1(a)(2), I, Anne V. Dunne, Esq., I conferred with *Pro Se* Plaintiff LeighAnn Britner via email on Thursday, June 20, 2024, in a good faith effort to resolve or narrow the issues raised in this Motion, but the Parties were unable to do so.

*/s/ Anne V. Dunne, Esq.*
Anne V. Dunne

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2024 a copy of the foregoing document was filed electronically through the Court's CM/ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system. A copy is also being sent by first-class U.S. mail, postage prepaid and electronic mail on June 20, 2024, to:

LeighAnn Britner
10316 Sepulveda Blvd. Box 185
Mission Hills, CA 91345
*Pro Se Plaintiff*

*/s/ Anne V. Dunne*
Anne V. Dunne