UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LEIGHANN BRITNER,<br><br>  Plaintiff,<br><br>  v.<br><br>MOUNT AUBURN HOSPITAL,<br>ROCKLAND TRUST BANK, INC.,<br>DIVISION OF HEALTH AND HUMAN<br>SERVICES/MEDICAID, MELLISA<br>SHAUGHNESSY-MASSEY, MICHAEL<br>ANZALDI, and JAMIL J. CAMPBEL,<br><br>  Defendants. | No. 1:24-cv-10079-JEK |

## MEMORANDUM AND ORDER

**KOBICK, J.**

Plaintiff LeighAnn Britner, who is proceeding *pro se*, has brought this action against defendants Mount Auburn Hospital, "Rockland Trust Bank, Inc.,"[1] "Division of Health & Human Services/Medicaid," Mellisa Shaughnessy-Massey, Michael Anzaldi, and Jamil Campbel. ECF 1, at 2. She primarily seeks relief from alleged medical malpractice in 2019. Rockland Trust, Anzaldi, and the Executive Office of Health and Human Services ("EOHHS"), on behalf of "Division of Health & Human Services/Medicaid," have each moved to dismiss the complaint.[2] After Britner failed to oppose those motions, the Court issued a show cause order why this case should not be dismissed as against those three defendants. To date, she has not responded.

---

[1] Its actual name, according to this defendant, is Rockland Trust Company. ECF 19, at 1.

[2] EOHHS indicates that Britner may have intended to sue it instead of this named entity. ECF 32, at 1 & n.1.

The complaint against Rockland Trust, EOHHS, and Anzaldi will be dismissed without prejudice because Britner failed to prosecute her case against them. Those defendants' motions to dismiss will therefore be denied as moot. The complaint against the other defendants—Mount Auburn Hospital, Shaughnessy-Massey, and Campbel—will be dismissed with leave to amend. If Britner wishes to proceed with her case against those three defendants, she must, on or before September 24, 2024, file an amended complaint that adheres to Federal Rules of Civil Procedure 8(a), 10(b), and 11(a). Failure to timely comply with this order may result in dismissal of the entire action.

## BACKGROUND

The facts as alleged in the complaint, which is construed liberally because Britner is proceeding *pro se*, are as follows. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In July 2019, Britner underwent abdominal surgery at Mount Auburn Hospital. ECF 1-1, at 3-6. She alleges that the surgery left her with foreign or implanted objects, including surgical equipment, animals, and microchips. ECF 1, at 4. After first experiencing discomfort from the retained objects in September 2019, she sought medical treatment. ECF 1-1, at 7. She claims that imaging by her providers confirmed the presence of those objects. *Id.* at 8. That month, she also allegedly had a doctor remove a set of microchips in her ears, which, she claims, had connected Rockland Trust's servers to ATMs and law enforcement agencies. *Id.* at 1. Her provider at Mount Auburn Hospital, Shaughnessy-Massey, purportedly took the "surgical machine" used for the procedure and "hardwired" it at Rockland Trust, which "exposed [her] name, address, and social security number." *Id.* at 1, 11. The other two individual defendants, Anzaldi and Campbel, also served as her providers at Mount Auburn Hospital. *Id.* at 11. Britner has filed complaints asserting

"medical fraud" with, among others, "the Department of Public Health," *id.* at 10, which is a division of EOHHS, ECF 32, at 1 n.1.

In January 2024, Britner initiated this action and asserted federal question jurisdiction based on "Medical Fraud/Fraudulent Surgical Procedure/Medical Misdiagnosis" and "Civil Rights: Right to have surgery." ECF 1, at 3. She seeks a surgery to remove the retained objects and a malfunctioning spinal stimulatory cord. *Id.* at 4. She also requests monetary and punitive damages from Rockland Trust because of its alleged "surgical scam," involving a safety deposit box with $5 million in her name, and as compensation for micro radio chips in her ears connected to the Trust. *Id.* Britner further claims that Rockland Trust owes her $350,000 in life insurance proceeds from someone named Judith Gallagher, ECF 1-1, at 1, and seeks damages for pain and suffering, ECF 1, at 5.

Rockland Trust and Anzaldi moved to dismiss the complaint in June 2024, ECF 16, 18, as did EOHHS in July 2024, ECF 31. After Britner failed to file timely oppositions to those motions, the Court issued a show cause order on July 26, 2024. ECF 33. The order stated that Britner had "until August 9, 2024 to show cause why this case should not be dismissed and file her oppositions to the pending motions to dismiss," and that "[f]ailure to do so may result in immediate dismissal of this action." *Id.* To date, she has not responded to the show cause order. In August 2024, Shaughnessy-Massey filed an answer to the complaint. ECF 35.

## DISCUSSION

The Court has "the power to act *sua sponte* to dismiss a suit for failure to prosecute." *Santos v. Dep't of Educ. of Com. of Puerto Rico*, 108 F. App'x 638, 640 (1st Cir. 2004). On July 26, 2024, Britner was ordered "to show cause why this case should not be dismissed and file her oppositions to the pending motions to dismiss" by August 9, 2024. ECF 33; *see* ECF 16, 18, 31. She has failed

3

to respond. Having warned Britner that her failure to show cause "may result in immediate dismissal of this action," the Court will now dismiss her case against Rockland Trust, Division of Health & Human Services/Medicaid, and Anzaldi. ECF 33; *see Vivaldi Servicios De Seguridad, Inc. v. Maiso Grp., Corp.*, 93 F.4th 27, 31 (1st Cir. 2024) (sua sponte dismissal proper after "warning the disruptive party that it may be sanctioned"); *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) ("disobedience of court orders . . . warrants dismissal").

With respect to the other three defendants—Mount Auburn Hospital, Shaughnessy-Massey, and Campbel—the complaint will be dismissed with leave to amend, in order to allow Britner an opportunity to satisfy the basic pleading requirements of the Federal Rules of Civil Procedure. The complaint fails to comply with Rule 11(a) because Britner did not sign it. *See* ECF 1, at 5. Under Rule 11(a), the Court "*must* strike an unsigned [pleading] unless the omission is promptly corrected after being called to the . . . party's attention." Fed. R. Civ. P. 11(a) (emphasis added). The complaint also fails to adhere to Rule 10(b), which requires that claims be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Instead of numbered paragraphs, Britner includes several pages of single-spaced narrative. *See* ECF 1, at 4-5; ECF 1-1, at 1-2, 7-11.

The complaint further fails to satisfy Rule 8(a) because it lacks "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The complaint asserts federal question jurisdiction based on "Medical Fraud/Fraudulent Surgical Procedure/Medical Misdiagnosis" and "Civil Rights: Right to have surgery," but does not identify a federal statute or constitutional provision. ECF 1, at 3. A federal question exists if a case "aris[es] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and the federal question must be "stated on the face of the plaintiff's well-pleaded complaint," *Lopez-Muñoz v. Triple-S*

*Salud, Inc.*, 754 F.3d 1, 4 (1st Cir. 2014) (quotation marks omitted). Because Britner has does not state what federal law the defendants allegedly violated, she has failed to properly invoke federal question jurisdiction. *See also McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004) ("[A] federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The complaint also lacks "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)), and afford the defendants "a meaningful opportunity to mount a defense," *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004) (quotation marks omitted). The complaint against Mount Auburn Hospital, Shaughnessy-Massey, and Campbel falls short. To the extent Britner alleged her claims of "Medical Fraud/Fraudulent Surgical Procedure/Medical Misdiagnosis" and "Civil Rights: Right to have surgery" in the space allotted for jurisdiction, she fails to identify the defendants against whom those claims are asserted. ECF 1, at 3. Nor does the complaint provide specific "factual allegations, either direct or indirect, respecting each material element necessary to sustain recovery under some actionable legal theory," including for those alleged claims. *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quotation marks omitted). Where, as here, "'the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised,'" dismissal is warranted. *Riddick v. Bos. Hous. Auth.*, No. 22-1557, 2023 WL 7806973, at *1 (1st Cir. June 20, 2023), *cert. denied*, 144 S. Ct. 599 (2024) (citations omitted). For these three defendants to adequately "frame a response," *id.*, Britner must file an amended complaint

that "set[s] forth minimal facts as to who did what to whom, when, where, and why," *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004).

Accordingly, if Britner wishes to proceed with this action against Mount Auburn Hospital, Shaughnessy-Massey, and Campbel, she must file a signed amended complaint that remedies these deficiencies under Federal Rules of Civil Procedure 8(a), 10(b), and 11(a).

## CONCLUSION AND ORDER

For the foregoing reasons, the Court orders:

1. The complaint is DISMISSED against defendants Rockland Trust, Division of Health & Human Services/Medicaid, and Anzaldi without prejudice because of Britner's failure to prosecute her case against them. Those defendants' motions to dismiss—ECF 16, 18, and 31—are thus DENIED as moot.

2. The complaint is DISMISSED against the remaining three defendants—Mount Auburn Hospital, Shaughnessy-Massey, and Campbel—with leave to amend. If Britner wishes to proceed with this action against them, she must file an amended complaint on or before September 24, 2024 that adheres to Federal Rules of Civil Procedure 8(a), 10(b), and 11(a). Failure to timely comply with this order may result in dismissal of the entire case.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Dated: September 3, 2024

6